JACOBSON *v.* ATKINS.

Opinion delivered April 1, 1912.

1. LANDLORD AND TENANT—LIEN.—A landlord has a lien upon all the crop grown on demised premises in any year for the rent, without regard to whether such crop is to be raised by the tenant or not and without regard to any agreement between the tenant and a subtenant. (Page 94.)

2. SAME—LIEN—LIABILITY OF SUBTENANT.—A subtenant can procure his crop to be discharged from the landlord's lien only by paying the *pro rata* of rent due for the lands occupied by him directly to the landlord or to the tenant upon the landlord's written direction. (Page 94.)

3. SAME—LIEN FOR RENT—WAIVER.—A landlord who agrees that a merchant shall furnish supplies to the subtenant of a part of the premises does not thereby waive his lien for rent. (Page 95.)

4. SAME—LIEN FOR RENT—WAIVER.—A landlord who agrees that a part of a subtenant's crop shall be applied to the claim of a supply merchant does not thereby waive his lien on the remainder of such crop (Page 95.)

5. SAME—LIEN—ENFORCEMENT.—A landlord's lien may be enforced by attachment against the tenant or any purchaser from him with notice of the landlord's lien. (Page 95.)

6. SAME—LIEN—INNOCENT PURCHASER.—One who purchased cotton from another who held the ginner's receipt therefor is not an innocent purchaser where he had information sufficient to put him on inquiry which, if made, would have disclosed that a landlord's lien existed thereon. (Page 95.)

Appeal from Pulaski Circuit Court, Second Division, *F. Guy Fulk*, Judge; reversed.

STATEMENT BY THE COURT.

This is a controversy over the value of half a bale of cotton raised upon the lands of appellant by one Adams, the subtenant of Williams, to whom the lands had been leased. Fairmon, a supply merchant, after some supplies had been furnished Adams by Jacobson's superintendent, agreed to furnish supplies to Adams; the subtenant, for the remander of the season, which Jacobson consented to, upon the payment by Fairmon of the small account due him for supplies already furnishd Adams. Jacobson rented the lands for $6 per acre rent to Williams, who sublet twenty-eight acres of it to Adams, Of the first bale of cotton produced by Adams, Roberts, the agent of Jacobson, kept half the value and paid the other half to Fairmon, who was furnishing supplies, at the direction of

Adams. The season was poor, and but this one other bale of cotton was made by Adams, which was not of sufficient value to pay the remainder of the amount of Jacobson's rent, $6 per acre, for the twenty-eight acres of land sublet by Williams to him. This cotton was taken to the gin by Adams, without the consent of Jacobson, or his agent, and ginned, and the ticket given over to Fairmon, who sold the cotton to Atkins, one of the appellees herein, who purchased it upon the strength of the ginner's receipt, which was turned over to him.

Appellant attached the cotton to enforce a landlord's lien for unpaid rent, making Fairmon and Adams parties to the proceeding. Atkins had purchased all the other cotton from the Jacobson plantation, and knew Roberts was the agent of appellant; that Adams was a tenant on the plantation, and before the purchase was told by Jacobson, who was at the gin looking for the cotton, that Fairmon had the ticket for the Adams bale, which was found in the cotton yard by Jacobson and Atkins before Atkins purchased it. Half the price the bale brought was tendered to appellant before suit was brought, and the tender also made in court.

After the testimony was introduced, the circuit court refused all the instructions requested by appellant and directed a verdict for the appellee, Atkins, and from the judgment thereon the appeal comes.

*June P. Wooten*, for appellant.

1. Under the statute, Kirby's Dig., § 5032, the entire crop of a subtenant would be subject to the lien of the landlord for the whole' of the rent due from the principal tenant, were it not for the provisions of section 5035; but under the latter section the subtenant is responsible to the landlord for such proportion of the principal rent as the number of acres subrented by him bears to the whole number of acres rented from the landlord by the principal tenant, and his crop is subject to the landlord's lien therefor.

The covenant to pay rent by Williams under his contract with Jacobson was a covenant running with the land, which was binding on the subtenant, though not expressly agreed to between Jacobson and the subtenant. 1 Underhill on Landlord and Tenant, 518; 2 *Id.* 1423; 1 Bos. & Pul. 21;

2 Madd. 330; 42 Ala. 262; 111 Mass. 219; 66 Cal. 223; 24 Ind. 23; 1 Taylor, Landlord and Tenant, 131; 17 Ala. 385; 82 Ala. 895; 81 Ga. 53; 70 Ia. 314; 78 Ia. 205; 2 Tiffany, L. & T. 1918; *Id.* 1919; 72 Ala. 401; 89 N. C. 137; 131 Ia. 62; 71 Miss. 482; 14 So. 442; 64 Mo. App. 351; 95 Ark. 37; 25 Ark. 417; 34 Ark. 545; 35 Ark. 231; 51 Miss. 155.

2. Atkins's admissions that he bought on the strength of the ginner's ticket, that he and Jacobson were looking for the identical cotton of Adams at the gin, that he knew Adams was a tenant on the Jacobson place, etc., show that he was not an innocent purchaser. Kirby's Dig., § 5036; 69 Ark. 551. The facts were amply sufficient not only to put him on notice, but also to show that he was a purchaser with direct notice. 70 Ark. 79; 72 Ark. 132; 56 Ark. 499; 95 Ark. 37.

3. Appellant did not waive his lien for rent by consenting to Fairmon's taking a mortgage on Adams's crop for supplies furnished him. The most that can be said of Jacobson's consent would be that he waived any right to furnish Adams, and thereby to have waived his lien for supplies had he furnished any thereafter.

*Vaughan & Akers,* for appellee.

1. Appellant waived his landlord's lien.

2. Appellee is an innocent purchaser without notice. He was not merely the purchaser of the gin ticket; he got actual manual possession of the cotton. It was in his own gin, and he himself had weighed the cotton and issued the receipt. The statute, Kirby's Dig., § 5036, does not apply.

Moreover, Jacobson in answer to an inquiry by Atkins stated to him that there was nothing wrong about Fairmon's having the gin ticket.

The legal sufficiency of the facts in evidence to establish a waiver was a question for the court. 18 Am. & Eng. Enc. of L. 341.

KIRBY, J., (after stating the facts.) It is contended for appellee that appellant waived his landlord's lien, if he had one, when he consented that Fairmon should furnish supplies to Adams, a subtenant on his place, and also that appellee was an innocent purchaser of the bale of cotton without notice of the landlord's lien.

The law gives every landlord a lien upon the crop grown on the demised premises in any year for the rent that shall accrue for such year, which continues for six months after such rent becomes due and payable, and the person subrenting lands or tenements can only be held responsible for the rent of such as are cultivated or occupied by him.

It is not lawful for the tenant who has sublet any portion of the lands to take or collect rent from the subtenant before final settlement with the landlord, without his written direction, and, if the principal tenant fails to pay the landlord the rent due, only the amount paid by the subtenant upon such written direction of the landlord can be deducted from the *pro rata* amount of rent for which the land cultivated by the subtenant would otherwise be liable to such landlord. Kirby's Digest, §§ 5032, 5035, 5037, 5038. A landlord is also given a lien for advances of supplies to his tenants and employees to enable them to make and gather the crop, and this lien is superior to any mortgage of the crop by the tenant.

Thus it appears that the landlord has a lien upon all the crop grown on the demised premises in any year for the rent, without regard to whether such crop shall be raised by the tenant, and without regard, also, to any contract or agreement between the tenant and a subtenant for rent. The statute limits the liability of the subtenant to the landlord for rent of such lands as are occupied by him, which liability the subtenant can discharge only by payment of the *pro rata* amount of rent for the lands occupied by him directly to the landlord, or to the tenant upon the landlord's written direction. *Murphy* v. *Myar*, 95 Ark. 37; *Lemay* v. *Johnson*, 35 Ark. 231; *Montague* v. *Mial*, 89 N. C. 137; *Applewhite* v. *Nelms*, 71 Miss. 482, 14 So. 442; *Phillips* v. *Burrows*, 64 Mo. App. 351; *Beck* v. *Minnesota & W. Grain Company*, 131 Ia. 62, 107 N. W. 1032, 7 L. R. A. (N. S.) 930.

The evidence is undisputed that there was due from the lessee, Williams, to the landlord, appellant, the entire rent for the year, of $6 per acre for the twenty-eight acres occupied by the subtenant, Adams, at the time the bale of cotton attached herein was purchased by Atkins. Such being the case, the appellant was entitled to have all of said bale of cotton subjected to the payment of the rent of said land, and could pro-

ceed by the statutory attachment against the tenant, or any purchaser from him with notice of the lien of the landlord, in possession thereof.

2.    We do not think the testimony shows any waiver of the landlord's lien by the agreement that Fairmon should furnish supplies to the  subtenant, Adams, but at most only that he thereby waived his right to furnish such supplies and consented that Fairmon might do it.    Neither does the fact that he consented, at a time when the crop was in a favorable condition and it appeared that enough would be produced to more than pay the rent, to the payment of one-half the value of the first bale to the supply merchant amount to a waiver of his lien for rent upon all the remaining crop of the subtenant.

The purchase of the bale of cotton by appellee from one holding the ginner's receipt therefor would not constitute him an innocent purchaser thereof.    Section 5036, Kirby's Digest; *Noe* v. *Layton*, 69 Ark. 551.    The evidence also tends to show that appellee was told by the landlord, Jacobson, that Adams was a tenant on his place;    that he and the landlord together looked for this bale of cotton at the gin, and that Jacobson told him at the time that Fairmon had the ginner's receipt for the Adams bale of cotton, which, if true, was sufficient to put him on inquiry, which, if made, would easily have disclosed the lien, and he can not be regarded an innocent purchaser. *Murphy* v. *Myar, supra; Neal* v. *Brandon*, 70 Ark. 79; *Merchants & Planters Bank* v. *Myer*, 56 Ark. 499.    ·

The evidence on this point can be said to be conflicting, and there was a question for the jury, and the court erred in directing a verdict against appellant.    It was undisputed that Jacobson, appellant, was entitled to judgment against his tenant, Williams, for the unpaid rent, the case being tried upon the theory that the landlord was entitled to but half the value of the bale of cotton for rent, which was tendered him and also that appellee, Atkins, was an innocent purchaser thereof.

For the errors indicated, the judgment is reversed, and the cause remanded for a new trial.