STORTHZ v. SMITH.

Opinion delivered October 27, 1913.

1. LANDLORD AND TENANT—RENT—LIABILITY OF SUBTENANT.—Under
Kirby's Digest, § 5035, the liability of a subtenant of land to the
landlord is limited to the rent of the land which is cultivated
or occupied by him at the price specified in the contract between
the principal tenant and the landlord. (Page 554.)

2. LANDLORD AND TENANT—SUBTENANT—"CULTIVATED OR OCCUPIED."—
In Kirby's Digest, § 5035, which provides that a subtenant of
land shall be held responsible for the rent of such lands as are
cultivated or occupied by him, the words "cultivated or occupied"
mean the quantity of land which the subtenant contracts to take.
(Page 554.)

3. MORTGAGES—GROWING CROPS—DESCRIPTION.—Where a subtenant of
land mortgaged the crops thereon to one Smith, describing the
same as "entire crop of cotton, cotton seed, corn, oats, small grain,
and all other products which shall be grown or cultivated" (by the
mortgagor) "on S. F. Smith's farm, or elsewhere in Faulkner
County, Arkansas, during the year 1911," although the crop was
not grown on land belonging to Smith, the description held suffi-
cient to give notice to all parties of the lien on any crop raised
by the mortgagor in that county. (Page 555.)

4. COSTS—MORTGAGES—FORECLOSURE.—Appellant leased land to C, who
sublet to G. G mortgaged the crops to appellee. Appellee brought
an action to foreclose the mortgage and made appellant a party
defendant. Held, appellant had a prior lien to appellee, on the
crop, and where the crop was turned over to him to gather and
satisfy his account for rent, and appellee made no tender of the
amount of the rent to appellant, the latter's possession of the crop
was not wrongful, and it was error to tax costs against the ap-
pellant. (Page 555.)

Appeal from Faulkner Chancery Court; *Jordan
Sellers*, Chancellor; modified and affirmed.

*W. T. Tucker*, for appellant.

1. Section 5032, Kirby's Digest, gives the landlord
a lien upon the *crop grown on the premises, etc.* 146 S.
W. 133. This covers *all* the crops grown. 95 Ark. 37; 35
*Id.* 231; 89 N. C. 137; 71 Miss. 482; 4 So. 442; 64 Mo.
App. 351; 131 Iowa 62; 107 N. W. 1032; 51 Miss. 155.
The landlord's lien is superior to that of mortgagee. 25
Ark. 417; 24 *Id.* 545, and cases *supra*.

2. The mortgage is void for uncertainty in description. 54 Ark. 92; 43 *Id*. 350.

*R. W. Robins*, for appellee.

1. Gordon and the crop were liable only for the rent of the land rented by Gordon from Carr, or ten acres, at the agreed price. Kirby's Dig., § 5035; 146 S. W. 133.

2. The description in the mortgage is sufficiently definite. 54 Ark. 92; 43 Ark. 350; 28 N. Y. 362; 37 *Id*. 593; Smith on Chat. Mortgages, 10; 57 Ark. 371; 51 Ark. 410.

McCULLOCH, C. J. Appellant, L. Storthz, owned a farm in Faulkner County, Arkansas, and rented a portion of it to one Robert Carr to cultivate during the year 1911. Before the time passed to plant the crop, Carr died, and appellant agreed with the latter's widow that she should carry out the rental contract, the effect of the contract, as disclosed in the evidence being, to constitute a new rental contract between appellant and Mrs. Carr. Mrs. Carr subrented ten acres of the land to one Gordon, who raised a crop thereon, and mortgaged it, before maturity, to appellee, S. G. Smith, a merchant in Conway, Arkansas, to secure an account for supplies. Gordon left before the crop was gathered, and Mrs. Carr authorized appellant's agent to take possession of it for the purpose of gathering it to pay the rent.

Appellee Smith instituted this action in the chancery court of Faulkner County to foreclose his mortgage, making Gordon, Mrs. Carr, and appellant defendants; and he asked that a receiver be appointed by the court to take charge of the crop, and the chancellor, in vacation, made an order for the appointment of a receiver.

Appellant resisted this order on the ground that he was solvent and was therefore accountable for the crop, and also offered to make bond for the delivery of the crop according to the orders of the court.

Appellant claims that there were thirty-two acres of the land, and that he was to be paid $6 an acre for it, and the proof introduced on his part tends to establish

that contention. The proof, however, adduced by appellee, which the court accepted as true, tends to establish the acreage of the land rented at only twenty acres, and that Gordon cultivated ten acres thereof. It also shows that only the ten acres cultivated by Gordon could be put in cultivation that year, the remainder being covered at planting time by overflow water. The chancellor found that appellant was only entitled to enforce a lien for the sum of $60, being $6 per acre on the ten acres of land on which was the Gordon crop, and that the balance of proceeds of the crops, which was sold under order of the court, should be paid over to appellee, Smith, on his mortgage debt. A decree to that effect was rendered, and all of the costs of the cause, including the fee of the receiver and other expenses of the receivership, were awarded against appellant.

It is insisted on behalf of appellant that the decree was erroneous in not awarding him the full amount of rent which he claimed; in other words, it is contended that a lien should be declared in his favor against the crop for rent on thirty-two acres of land at $6 per acre.

The testimony is sufficient, we think, to warrant the finding of the chancellor that there were only twenty acres of the land rented by appellant to Carr, and that only ten acres of this was cultivated by Gordon. The proof is not entirely satisfactory, but our conclusion is that it is sufficient to show that it was a sub-renting to Gordon, and that he only sub-rented the amount that he put into cultivation. This being true, he is only liable for the ten acres of land at $6 per acre under the statute of this State which declares that, ''Any person subrenting lands or tenements shall only be held responsible for the rent of such as are cultivated or occupied by him.'' Kirby's Digest, § 5035. The purpose of this statute is to limit the liability of a sub-tenant to the rent of the land which he sub-rents at the price specified in the contract between the principal tenant and the landlord. The words, ''cultivated or occupied,'' as used in the statute, mean the quantity of land which the sub-tenant con-

tracts to take. *Jacobson* v. *Atkins*, 103 Ark. 91, 146 S. W. 133.

We can not say that the chancery court erred in its finding that appellant was only entitled to enforce a lien for the sum of $60 against Gordon's crop.

Nor do we think there is any foundation for the contention of appellant's counsel that the mortgage executed by Gordon to appellee, Smith, was void on account of the lack of a correct description of the property, which is described as "entire crop of cotton, cotton seed, corn, oats, small grain, and all other products which shall be grown or cultivated" (by the mortgagor) "on S. G. Smith's farm, or elsewhere, in Faulkner County, Arkansas, during the year 1911."

The crop was not raised on the Smith farm, but on appellant's farm in Faulkner County. But we think the description is sufficient to give notice to all parties of the lien on any crop raised by the mortgagor in that county. *Gurley* v. *Davis*, 39 Ark. 394; *Johnson* v. *Grissard*, 51 Ark. 410.

Our conclusion, however, is that the court erred in taxing the costs of the case, particularly the costs of the receivership, against appellant. His lien was prior to that of the mortgagee, and his possession of the crop, which had been turned over to him for the purpose of gathering and paying his rent, was not wrongful. If appellee, as mortgagee, had tendered to appellant the true amount of his rent, and he had refused to accept it, then his holding of the crop might be treated as wrongful so as to subject him to the costs of any litigation which followed; but that is not the state of the present case, for the suit was brought against Gordon, and appellant was made a party without any offer to pay his rent. So there is no reason why the costs should be taxed against him and taken out of his rent, for which he is entitled to have a first lien declared.

The decree, insofar as it fixes the amount of appellant's rent to be charged against the crop, is affirmed; but the decree is modified so as to strike out the award of

costs against appellant.  The costs of this appeal will be divided equally between the parties.