## CARR *v.* HAHN & CARTER.

Opinion delivered April 1, 1918.

1. MECHANIC'S LIENS—FILING SUIT WITHIN NINETY DAYS.—Where no sworn account is filed, a mechanic's lien may be fixed by the filing of suit within ninety days after the completion of the contract.

2. CONTRACTS—SEPARABLE PARTS—MATERIALS FURNISHED AND WORK DONE.—A contract may consist of different parts which are treated in law as entirely separate, and ordinarily each part is treated as a separate contract if the price to be paid is apportioned to each item separately.

3. CONTRACTS—SAME—SAME.—Courts will not construe promises in a single contract to be independent unless there is a definite expression of the intention of the parties to that effect.

4. SAME—SAME—SAME—INTENTION OF THE PARTIES.—With respect to the enforcement of mechanic's liens, separate contracts made at the same time for furnishing materials for buildings are to be treated as an entire contract where it is evident that the parties so intended.

5. MECHANIC'S LIENS—CONTRACT FOR MATERIALS AND LABOR.—A contract provided for the supplying of materials and the installation of the same. *Held*, the contracts would be treated as one, and that a lien for the entire amount due thereunder was preserved when suit was brought less than ninety days after the labor was performed, but more than ninety days after the materials were furnished.

Appeal from Lincoln Chancery Court; *John M. Elliott*, Chancellor; reversed.

*J. A. Comer* and *Tellier & Biggs*, for appellant.

1. The damages allowed appellees are speculative and no real damages were proven for the alleged breach of the contract. 57 Ark. 207.

2. The suit was commenced within 90 days from the date of the delivery of the materials. Kirby's Digest, § 4970; 51 Ark. 302. Plaintiff had a lien within the statute.

3. The jurisdiction of the court is settled by 126 Ark. 609.

4. In the sale of second hand machinery there is no warranty as to quality. 104 Ark. 50. See also 204 *Id.* 582.

5. Speculative damages were allowed defendants in their offset. The judgment should have been for $3,456.94 and a lien should have been decreed.

*John F. Clifford,* for appellee.

1. The court had no jurisdiction, the claim for a lien failing. 1 Ark. 42; 105 U. S. 430; 72 C. C. A. 195; 159 Fed. 248; 64 C. C. A. 424; 36 Barb. 195; 21 Ala. 92; 24 Ore. 392; 129 Pa. 49, and others.

2. On the merits plaintiff had no lien as the chancellor found, but Carr's recovery was too large. On the cross-complaint defendants were entitled to recover reasonably certain profits if plaintiff had carried out his contract. 105 Ark. 433; 97 *Id.* 522; 95 *Id.* 363; 69 *Id.* 212. See also 37 L. R. A. 593. The lien failing the complaint should have been dismissed.

McCULLOCH. C. J. The plaintiff, David Carr, instituted this action in the chancery court of Lincoln County against Hahn & Carter, a co-partnership, to recover the sum of $4,000, alleged to be due for the purchase price of materials, fixtures, machinery, etc., sold and delivered to the defendants for use in the construction of a dredge boat in Kirsh Lake, Lincoln County, Arkansas, and to enforce a lien against the boat for the sum recovered.

The sale of the articles was under a written contract which specified the price of $4,000, deducting therefrom the amount of a pre-existing account then undetermined, owing by the plaintiff to the defendants. The contract further specified that the sum of $1,500 of the price was to be paid when all the material was loaded on cars at Blackville, Arkansas, and the balance when the materials, machinery, etc., were completely installed in the new boat to be constructed. In the same contract it was also provided that when the materials, machinery, etc., "arrives at Kirsh Lake in Lincoln County, said Carr is to assist in the erection of same and is to be paid a salary of $125.00 per month, and board while setting this machine on the new hull." The chancery court quashed the service of process against the defendant outside of the county, but on appeal to this court from the final order dismissing the complaint it was decided that the complaint stated a cause of action to enforce a lien, which action was local

in its nature, and that the chancery court erred in quashing the service and dismissing the complaint. 126 Ark. 609. On the remand of the cause defendant filed an answer and cross-complaint, pleading a counter-claim for damages on account of plaintiff's failure to perform his part of the contract in the installation of the machinery on the boat, and also pleading partial failure of the consideration for the payment of the price in that some of the material and machinery were worthless, although represented to be in good condition. Other items were pleaded in the counter-claim and defendants also disputed the right of plaintiff to assert a lien by reason of the fact that the claim had not been filed within ninety days after the articles were furnished. The cause was heard by the chancellor on conflicting testimony and the record is exceedingly voluminous. The court found that there was a balance due from defendants to the plaintiff in the sum of $1,472.54 on the contract price, but refused to declare a lien for the reason, as the court held, that the claim for lien was not filed within the time prescribed by statute. The plaintiff appealed from the decree claiming that the amount decreed by the court in his favor was too small and that there was error in refusing to declare a lien; and defendants also appealed from that part of the decree finding that an amount was owing by them to the plaintiff.

The testimony is so voluminous as to the issues of fact concerning the state of the account between the parties that it is impracticable to enter into details in this opinion. We have examined the testimony carefully and can not discover a preponderance in the weight of the testimony against the finding of the chancellor, and we, therefore, decline to disturb it but leave the amount of plaintiff's recovery as fixed by the chancellor.

(1-4) Our statute provides that in order to make available a lien for the price of labor or material furnished under the mechanic's lien law the claimant must "within ninety days after the things aforesaid shall have

been furnished or the work or labor done or performed" file with the clerk of the circuit court of the county "a just and true account of the demand due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien." The statute also provides that a suit to enforce the lien must be brought within fifteen months after filing the lien. Kirby's Digest, secs. 4981, 4984. The plaintiff did not file his lien at all with the clerk of the circuit court, but if the suit was commenced within ninety days after the completion of the contract, that was sufficient compliance with the statute with respect to the time and mode of asserting the lien. *Anderson* v. *Seamans,* 49 Ark. 475. The suit was not commenced within ninety days after the delivery of the material, machinery, etc., in accordance with the terms of the contract, but it was commenced less than ninety days after the installation of the machinery on the boat. The right of plaintiff to a lien turns on the question of whether the contract for the sale of the material, machinery, etc., and the installation of it on the new boat was entire or whether it was severable. If the contract was severable so that that part of it covering the sale of the material, machinery, etc., was separate, then plaintiff has lost his lien by failure to assert it within the time prescribed by statute. It will be observed that the written contract fixes a separate price for the articles sold and specifies a time for delivery, but it also provided that plaintiff should install the machinery and be paid specified wages for his services during the period of installation. A contract may consist of different parts which are treated in law as entirely separate, and ordinarily each part is treated as a separate contract if the price to be paid is apportioned to each item separately. 2 Parsons on Contracts, p. 672. This is especially true with respect to contracts for the sale of merchandise. *Duffie* v. *Pratt,* 76 Ark. 74; *Harris Lumber Co.* v. *Wheeler Lumber Co.* 88 Ark. 491. But the rule is by no means an inflexible one, and does not apply where there is anything in the

contract showing an intention on the part of the contracting parties to make the various provisions of the contract interdependent. On the contrary, it is said that the tendency of the courts is not to construe promises in a single contract to be independent unless there is a definite expression of the intention of the parties to that effect. Clark on Contracts, sec. 244; *Wood* v. *Kelsey,* 90 Ark. 272. And this court in maintaining the liberal rule with respect to the enforcement of mechanics' liens has decided that separate contracts made at the same time for furnishing materials for buildings were to be treated as an entire contract where it is evident that the parties so intended. *Marianna Hotel Co.* v. *Livermore Foundry & Machine Co.,* 107 Ark. 245.

(5) Applying that liberal rule to the contract now under consideration it is apparent that the parties did not intend the provisions with respect to the sale of the material and machinery and the installation of the same on the new boat to be severable, but that they were so dependent on each other that they were to be treated as parts of an entire contract. That being true, the lien was appropriately asserted within the time required by law, that is to say, within ninety days after the completion of the contract. The chancellor, therefore, erred in refusing to declare a lien.

The decree fixing the amount of plaintiff's recovery is affirmed, but that part which refused the lien on the boat is reversed and the cause will be remanded with directions to enter a decree in favor of the plaintiff for the enforcement of the lien to the extent of the amount hereinbefore mentioned, with interest from the date of the original decree.