EMBRY v. NEIGHBORS.

Opinion delivered June 30, 1919.

1. LANDLORD AND TENANT—LIEN FOR RENT AND ADVANCES—PRIORITY. Where a tenant to whom the landlord had made advances went to war and his father took over his crop and cultivated and gathered it, the landlord's lien for rent and advances was superior to the rights of the father.

2. SAME—ENFORCEMENT OF LIEN—PARTIES.—Where a landlord obtains possession of the proceeds of a crop grown by the father of his tenant, and applies same to the discharge of his lien, the father can not object that the son was not made a party to the suit.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Jas. H. Johnson,* for appellant.

1. The proceeds of the crop belonged to appellant as he had not promised in writing to pay the debt of his son, Sadie, and he was not liable for his son's debts. Kirby's Digest, § 3654; 105 Ark. 697; 150 S. W. 146.

2. There is not one word of proof that appellant agreed in writing to settle the supply bill of his son and was not bound to do so under the law. *Supra.* It was error in allowing testimony as to the account of the son, as Sadie, the son, was not a party, and it was error to take this case from the jury without giving appellant the opportunity to present his instructions as to the law applicable to this case. The court also erred in taking the case from the jury, for it was a matter of fact for the jury, whether or not appellee had any sum of money belonging to appellant and had converted it to his own use.

Appellee had no lien for the year's (1918) supply bill, for Sadie made no crop that year, and if he had a lien the son should have been made a party to the suit.

*Hays & Ward,* for appellee.

1. Appellee had a lien on the crop for necessary supplies furnished the son, Sadie, his tenant, to enable him to make the crop.

2. Appellant finished making the crop started by his son, Sadie, with full knowledge of appellee's lien for supplies and without paying anything therefor.

3. Appellee did not waive his lien and appellant made no contract with appellee divesting him of his vested right in said crop.

4. Appellee having a lien on the crop was entitled to have the amount of the lien paid by the bank from

the proceeds of the sale of said crop, having come with the agent of appellant to sell said crop.

5.  Appellee having received the amount of his account for supplies and rent, he was not obliged to refund said amount.

6.  These being the facts from the undisputed testimony, the court properly directed a verdict for appellee. These propositions are supported by the facts and the law.  Kirby's Digest, § 5033; 35 Ark. 231; 95 *Id.* 32; 16 R. C. L., § 504; 67 Ark. 364; 25 *Id.* 418.

The statute of frauds does not apply to this case.

Sadie Embry was not a necessary party.  95 Ark. 38.

The owner of personal property has the right to take peaceable possession of it wherever found.  110 Ark. 454-5.  Substantial justice has been done and the judgment should be affirmed.

WOOD, J.  The facts are correctly stated by counsel for appellee as follows:

"The appellee, Neighbors, in the spring of 1918, rented to one Sadie Embry 15 acres of land in Pope County, Arkansas, Embry agreeing to pay one-half of the crop for the rent of the land, team and tools. A little later appellee rented to Al Embry, the appellant here, another 15 acres of land adjoining the land rented to Sadie Embry upon the same terms. Al Embry, the appellant, is the father of Sadie Embry; their lands were adjoining, they lived near each other and knew the terms upon which each was cultivating his crop.

Appellee, Neighbors, to enable his tenants, Sadie Embry and Al Embry, the appellant, to make their crops, furnished each certain goods and supplies, and Al Embry knew that Neighbors, appellee, was furnishing goods and supplies to his son, Sadie Embry.

In the spring of 1918, and about crop planting time, Sadie Embry went to war, and his father, Al Embry, appellant, took over the crop that had been started by his son, and, using the same tools and teams, he went ahead cultivating the land during the crop season, and at gath-

ering time he proceeded to gather and market the crop grown on the land rented from Neighbors. Out of the first three bales of cotton gathered, which he claimed was grown on the land he had rented from Neighbors, he paid Neighbors his rent and also for goods and supplies furnished by Neighbors to him (Al Embry). Later Al Embry gathered three more bales of cotton from the land that was originally rented to Sadie Embry, and this cotton was taken to Atkins by appellee, Neighbors, and one Cusie Embry, a son of Al Embry, and those two parties sold the three bales of cotton and received a check in the name of Al Embry, which check they together took to the Bank of Atkins to be cashed. The clerk in the bank, at the direction of appellee, Neighbors, credited his (Neighbors) bank account, not only with one-half of the proceeds of the cotton for rent, but $146.03, the account of the supply bill that Neighbors had furnished to Sadie Embry to enable him to make the crop of cotton; Cusie Embry, who had been acting as the agent of his father, Al Embry, refused to take any of the money from the bank, but left his father's share there, which was later collected from the bank by Al Embry. The next day after the sale of the cotton, appellant, Al Embry, made demand on the appellee, Neighbors, for $147.03, which was refused, whereupon Embry filed this suit in the circuit court. The court on the trial of this cause before a jury, after hearing the evidence, directed the jury to return a verdict in favor of the appellee, hence this appeal.

The appellant among other things testified that he did not agree to pay appellee the amount of the account of his son, Sadie Embry; that the latter traded with Neighbors before appellant moved on the place. He also testified that his son, Sadie Embry, was a grown man with a wife and two children.

It is conceded that appellee's account against Sadie Embry was correct.

There is no reversible error in the ruling of the court. The undisputed evidence shows that appellee

had rented to Sadie Embry, the son of the appellant, for the year 1918 the land upon which the cotton was grown, out of the proceeds of which the appellee received the amount of the account of Sadie Embry for the rent and for supplies furnished Sadie Embry by the appellee during that year. The undisputed proof, therefore, shows that Sadie Embry was the tenant of the appellee for the 15 acres of land upon which the cotton was grown.

The appellant contends that the proceeds of the crop belong to him and that, inasmuch as he had not promised in writing to pay the debt of his son, Sadie Embry, he was not liable therefor, under the statute, section 3654, Kirby's Digest.

But the above statute has no application to the facts of this record. The undisputed testimony, as we have already stated, shows that the land upon which the cotton was grown was rented by the appellee to Sadie Embry, and not to Al Embry. There is no testimony abstracted by the appellant to show that after Sadie Embry went to the war the appellant rented the same land from the appellee under an independent contract.

The appellant in his abstract states that "before any crop was planted Sadie Embry was drafted into the service of the United States, the appellee then rented to the appellant the 15 acres of land that was to have been cultivated by appellant's son on the same terms of one-half of the crop." The appellant does not set forth in his abstract any testimony tending to prove the above facts.

The appellee in his abstract states that the appellee rented to Sadie Embry 15 acres of land; that in the spring 1918, and about crop planting time, Sadie Embry went to war and his father, Al Embry, appellant, took over the crop that had been started by his son, and, using the same tools and teams, he went ahead cultivating the land during the crop season, and at gathering time he proceeded to gather and market the crop grown on the land rented from Neighbors.

Appellant contends that his son first rented the 15 acres from the appellee, but that after his son left the

appellant entered into an independent contract for the rental of this land. The latter statement, however, he does not prove by any testimony set forth in the record.

The burden is upon the appellant to show error in the ruling of the trial court and we must presume in favor of the judgment that the statement set forth in the appellee's abstract or statement of facts in regard to the contract is correct, since appellant brings forward no testimony to controvert the same.

If the appellant was simply occupying the premises for his son, Sadie Embry, then the latter, and not the appellant, must be regarded as the tenant of the appellee. Under section 5033, Kirby's Digest, the appellee had a lien upon the crop grown on the land in controversy, which was superior. The appellee having obtained possession of the proceeds of the crop had a right to hold the same to satisfy the debt of Sadie Embry for the rent and for the supplies. The appellant when he took over the land and crop had notice of the relation of landlord and tenant that existed between the appellee and Sadie Embry. The appellee's vested right under the statute was superior to any interest or claim that the appellant may have had therein. See *Lemay* v. *Johnson,* 35 Ark. 231: *Hunter* v. *Mathews,* 67 Ark. 364; *Murphy* v. *Myer,* 95 Ark. 32.

Since the debt of Sadie Embry to the appellee for rent and supplies is not denied, and since the appellant has no interest in the proceeds of the crop held by the appellee for the payment of this debt, superior to the lien of the appellee, it does not lie in appellant's mouth to complain that Sadie Embry was not made a party to the suit.

The judgment is correct, and it is therefore affirmed.