**POWELL et al. v. BAKER ICE MACH. CO., Inc.**

(Circuit Court of Appeals, Eighth Circuit. September 14, 1925.)

No. 6931.

1. **Mechanics' liens ☞183—Single lien on separate plants may be established, if material for equipment was furnished under single contract.**

Under Crawford & Moses' Dig. Ark. § 6906 et seq., single mechanic's lien for equipment furnished for two separate plants may be established, if such equipment or material was furnished under single contract.

2. **Mechanics' liens ☞183—Ice-making and refrigerating equipment furnished under three written orders held furnished under single contract, entitling seller to single lien on separate plants.**

Ice-making and refrigerating machinery for two separate plants *held* to have been furnished under a single contract, so as to entitle seller, under Crawford & Moses' Dig. Ark. § 6906 et seq., to single mechanic's lien on both plants, notwithstanding two written orders were given for shipment to different places, and third order for shortages and extras.

3. **Contracts ☞170(1) — Contracting parties' regard and treatment of contract is controlling guide in its construction.**

Way in which parties to transaction regard and treat it is controlling guide in ascertaining its true character, and fixing legal status and rights of parties.

4. **Mechanics' liens ☞5 — Mechanic's lien law liberally construed.**

Arkansas mechanic's lien law (Crawford & Moses' Dig. § 6906 et seq.) should be liberally construed.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit by the Baker Ice Machine Company, Inc., against Luke Powell and others. Decree for plaintiff, and defendants appeal. Affirmed.

J. V. Walker and J. W. Walker, both of Fayetteville, Ark., and Joseph M. Hill and Henry L. Fitzhugh, both of Ft. Smith, Ark., for appellants.

George B. Rose, J. F. Loughborough, D. H. Cantrell, A. W. Dobyns, and A. F. House, all of Little Rock, Ark., and H. P. Warner, G. C. Hardin, and C. R. Warner, all of Ft. Smith, Ark., for appellee.

Before LEWIS and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

LEWIS, Circuit Judge. This is a mechanic's lien suit. Appellee, the lien claimant, manufactures at Omaha, Nebraska, and sells ice-making and refrigerating machinery and equipment. Moody Engineering Company entered into a written contract with appellants October 21, 1922, by which it agreed to furnish, deliver and install in two ice-making plants belonging to appellants at Fayetteville and Springdale, Washington County, Arkansas, specified machinery and equipment for ice-making purposes; and appellants agreed to pay Moody Engineering Company $30,000 therefor. That contract contains this clause:

"The seller (Moody Engineering Co.) attaches hereto Baker Catalogue No. 30 and Bulletin No. 70—page 6, covering a complete description of the ammonia compressors for Fayetteville and Springdale and Murray Catalogue No. 85 page 25, showing engine purchased under this contract. All of the above catalogues in so far as they refer to machinery or equipment in this contract are to become a part of same."

For the purpose of fulfilling its obligations under the contract Moody Engineering Company on November 13th following made up its order No. 0590, addressed to appellee, wherein it described in general terms four items of machinery and ice-making equipment, with the request that appellee enter the order for shipment to Fayetteville. On the same day Moody Engineering Company made up its order No. 0591, addressed to appellee, describing in general terms three items of machinery and ice-making equipment, and requested appellee to enter the order for shipment to Springdale, and that it be shipped in the same car with the Fayetteville shipment, with stop-over at Springdale. The two orders were enclosed in one envelope and were received by appellee in due course. Before appellee could manufacture and send out the equipment called for in the orders changes were made by Moody Engineering Company in both of them. There were eliminations, substitutions and additions. After these changes had been made the equipment called for in order No. 0590 as amended, except the fourth item, was shipped out to Fayetteville February 9, 1923. The changes requested in order No. 0591 caused delay and the equipment for the Springdale plant was not shipped out until May 11, 1923. When the shipment of February 9th arrived at Fayetteville and it was discovered that it did not contain some of the equipment in order No. 0590, Moody Engineering Company on April 19th wired to appellee about its omission and on April 21st sent an order with instructions to ship the omitted item, and added two other parts to be made up in conjunction therewith.

This order was gotten out and shipped to Fayetteville on May 7th. There was testimony that the part of the equipment omitted from the February 9th shipment was omitted because there was not then sufficient information furnished to appellee to make it up. Moody Engineering Company installed the equipment received from appellee in the three shipments in appellants' plants, that contained in the two shipments of February 9th and May 7th in the plant at Fayetteville and that contained in the shipment of May 11th in the Springdale plant. Nothing was paid to appellee, and notice was given to appellants by appellee that it claimed a lien on the two plants for the price of equipment which it had furnished, it filed with the clerk of the Circuit Court of Washington County its claim of statutory lien and brought this suit to have that lien adjudged and enforced. It obtained a decree accordingly and an order that the two parcels of real estate (describing them) on which the plant were situate be sold as an entirety, appellee's claim and costs to be paid out of the purchase price therefor. This appeal is from that order and decree.

In furnishing the equipment appellee dealt only with Moody Engineering Company. It sent to the latter from time to time as shipments were made itemized statements of the prices it charged for the material contained in the three shipments, but Moody Engineering Company failed to make payment therefor or to cause appellants to pay. On July 11, 1923, less than sixty days after the material contained in the last two shipments was received at the two plants, appellee served appellants with notice of its claim, that it was for machinery, equipment and material furnished to the Moody Engineering Company that had been placed in the improvements upon the lots on which the two plants were situate, naming the lots and blocks in each city. The Arkansas mechanic's lien statute, Crawford & Moses Digest, § 6906, gives to any person who furnishes material, fixtures or machinery, etc., for any building, erection or improvement upon land, or for repairing same, under any contract with the owner or his contractor, a lien thereon for the material or machinery so furnished, upon his complying with the requirements of the statute. One of these requirements, section 6922, is that the person claiming the lien shall file with the clerk of the circuit court for the county in which the building, erection or improvement to be charged with the lien is situate, and within ninety days after the things aforesaid shall have been

furnished, a just and true account of the demand due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien, verified by affidavit. On August 9th, well within the time limited, appellee filed with the clerk of the circuit court of Washington County its verified claim of lien on the property in each city, describing it, embodying therein a statement of the different kinds of machinery and equipment which it had furnished, the price charged for each item thereof, that the equipment so described had been used in the construction of appellants' ice-manufacturing plants in each of the cities, that it had been delivered by appellee to Moody Engineering Company and that it claimed a lien on the real estate described and the buildings thereon situate. There is some criticism of the lien claim filed with the clerk, but the court held it to be in proper form and within the required time, and we have no doubt it was a substantial compliance with the statute. Furthermore, appellee instituted its suit to enforce its claimed lien on the two plants within ninety days after the last of the material furnished was delivered at the plants, and the Supreme Court of Arkansas has held that when that is the case it is unnecessary to file the lien claim with the clerk of the circuit court, that the institution of the suit within the time limited serves every purpose intended by the requirement that a lien statement shall be filed with the clerk. Simpson v. J. W. Black Lbr. Co., 114 Ark. 464, 172 S. W. 883; Carr v. Hahn & Carter, 133 Ark. 401, 202 S. W. 685.

[1, 2] The only controversy of merit on this appeal is whether appellee was entitled to a lien for the whole debt on both plants as an entirety, rather than separately on each plant for the equipment that went into each. Counsel for appellants concede that under the decisions of the Supreme Court of Arkansas construing its statute one lien on both plants may be established if the material for both was furnished under one contract. Tenney v. Sly, 54 Ark. 93, 14 S. W. 1091; Kizer Lumber Co. v. Mosely, 56 Ark. 544, 20 S. W. 409; Meek v. Parker, 63 Ark. 367, 38 S. W. 900, 58 Am. St. Rep. 119; Burel v. Lumber Co., 129 Ark. 58, 195 S. W. 378, 10 A. L. R. 1017; Van Houten Lumber Co. v. Planters' Nat. Bank, 159 Ark. 535, 252 S. W. 614; Carr v. Hahn & Carter, supra. It is argued, however, in appellants' brief, that each of the three orders given by Moody Engineering Company to appellee for the equipment constituted a separate contract,

that there were three contracts and not one, and hence appellee's case does not come within the rule of the authorities just cited; that if not three contracts, there were at least two, shown by orders Nos. 0590 and 0591, one for the equipment in each plant. The learned trial judge, in his findings of fact and conclusions of law, held:

"All of the machinery and material sold by Baker Ice Machine Company, Inc., and used in the construction of said plants was referable to the one contract entered into between Moody Engineering Company, Inc., •and Arkansas Cold Storage & Ice Co. (appellants) of date October 21, 1922."

[3, 4] There was one contract between Moody Engineering Company and appellants for the construction of both plants. The machinery and equipment to be put in the plants was described in that contract, appellee's catalogue of the machinery and equipment which it manufactured was named in the contract (excerpt supra), and that catalogue was made part of the contract in so far as it referred to appellee's machinery and equipment. If appellee furnished the machinery and equipment under that contract, we need not inquire further; the contention is answered. But there is no proof that appellee knew of that contract and made the shipments under it, so we revert to the inquiry raised by the contention. However, the contract just referred to is of substantial evidentiary weight on the inquiry in refutation of the contention. Both parties to that contract understood the appellee's machinery and equipment were to be put in the plants, except the Murray engine. W. F. Moody, of Moody Engineering Company, testified that orders Nos. 0590 and 0591 were made at the same time, that the contract between appellants and Moody Engineering Company called for Baker equipment for both the Springdale and Fayetteville plants and that the reason for making two separate orders was due to the fact that the equipment was to go to two separate places. In reference to the subsequent changes and additions, he testified that it almost invariably happens that there have to be additions and extras added as the work progresses. Officers and employés of appellee testified that some parts of the Baker ice machines are protected by patent, that their machines were distinctive in that they were different from other ice machines, that the two orders of November 13, 1922, came in at the same time, in the same envelope, were to be included in one car and were treated by appellee as one contract. It clearly appears that the larger part of the second shipment to Fayetteville of May 7th was made up of equipment covered by order No. 0590, of November 13th. The two additional items in the third order supplemented what was named in original order No. 0590 and were necessary to complete that part of the equipment which was omitted from the shipment of February 9th. The three orders should be regarded as requests for separate shipments on one account, because, as said by the trial judge, they were "referable to the one contract." We think it a narrow view to contend under the facts in this case that these orders constituted separate contracts on which the material was furnished. Two of them were given at the same time and for one and the same purpose, in execution of the contract between Moody Engineering Company and appellants, the only reason given or discoverable for not listing all of the equipment in the first two orders in one order was a matter of convenience, division in shipment. The third order covered part of the material in order No. 0590 and added extras. The orders were treated by both parties as one account. When the plants were nearing completion Moody Engineering Company gave a written order on appellants to pay appellee a named sum on account, without suggestion of division for equipment named in each order. The way in which parties to a transaction regard and treat it is a controlling guide in ascertaining its true character and in fixing their legal status and rights. The Supreme Court of Arkansas, in furtherance of the remedial purpose of the statute, has uniformly given to it a liberal construction in protection of lien claimants, and it is hardly in keeping with that policy to resolve narrowly discussed questions of fact against claimant. That court, in Kizer Lumber Co. v. Mosely, supra, held that where one begins to furnish material without any specified agreement as to the amount to be furnished, or the time within which it is to be furnished, and there was reasonable expectation that further material would be required and from time to time thereafter further material was called for and the material was furnished at short intervals as the work progressed, a presumption would arise that it was all furnished as one continuous account under one contract. In Carr v. Hahn & Carter, supra, it is said:

"And this court in maintaining the liberal rule with respect to the enforcement of mechanic's liens has decided that separate contracts made at the same time for furnishing materials for buildings were to be treated as

an entire contract where it is evident that the parties so intended. Marianna Hotel Co. v. Livermore Foundry & Machine Co., 107 Ark. 245 [154 S. W. 952]."

It is our conclusion that all of the machinery and equipment for both plants was not furnished by appellee under three or two contracts with Moody Engineering Company but was furnished on account and under a single contract between appellee and that company.

The decree is affirmed.