DULANEY v. BALLS.

4-4534

Opinion delivered February 22, 1937.

*Claude F. Cooper* and *T. J. Crowder,* for appellants.
*James G. Coston* and *J. T. Coston,* for appellees.

BAKER, J. James Balls and other colored farmers, twelve in number, sued F. M. Dulaney as a tenant of Mrs. B. W. Thweat, Mrs. Thweat and two minors for whom she is guardian alleging they were share-croppers on the Thweat farm, making crops for Dulaney, and that Dulaney and Mrs. Thweat, for herself and as guardian, were appropriating wrongfully all their crops for rents alleged to be owing Mrs. Thweat.

The case may be stated upon undisputed facts from which will arise the controverted propositions of law.

Mrs. Thweat rented to F. M. Dulaney, for the year of 1935, 567 acres of land in Mississippi county for $8 per acre, payable not later than November 15, 1935. The following provision was in the contract:

"* * * and in event that any of said land is rented to the Government or the Secretary of Interior of the United States or if the land now contracted to the said Secretary remains so contracted or if any change is made in said rent contract to the said Secretary, all the rent so received after deducting $8.00 per acre therefrom, the excess of such government rental is to be divided equally between the first and second parties, share and share alike. It is agreed that the moneys received for rental from the government is when received to be applied on the rent herein under the terms and conditions hereof."

Thereafter, under authority of the foregoing paragraph, Dulaney rented 155 acres to the federal government, or its proper agency, from which at the time of the suit no rents had been collected. All rents on the lands cultivated by appellees or by Dulaney, employing the appellees as laborers, had been paid except $122.11.

When the suit was filed certain cotton was seized and then sold by agreement of parties. It brought about

$700, which was paid into the registry of the court to be distributed under final decree. Afterwards plaintiffs had testified as to their several contracts with Dulaney, the acreage farmed by each, and amount of crop produced and delivered to Dulaney.

Dulaney and Mrs. Thweat offered the contract they had made between them, agreed upon amount of land rented to the government as 155 acres.

The decree was to the effect that out of $700 paid to the clerk of the court the balances due Mr. Thweat, which was $122.11, be paid, and the balance of $577.89 be paid to plaintiffs. Mrs. Thweat, for herself and wards, and Dulaney have appealed.

Upon this appeal the relief sought is to recover not only the $122.11, but also the $577.89 to apply as rents on the 155 acres rented to the federal government. Appellants base their contention on the finding of the chancellor in his written directions for a decree. The court said: "Dulaney has not paid the rent. Under the contract he was to pay Mrs. Thweat $8.00 per acre for the use of the land for 1935. Dulaney's contract with Balls and others was the usual share-cropper contract, wherein Dulaney furnished the teams, tools and supplies to enable the share-croppers to make the crop and received one-half of the crop therefor.

"The landlord has a lien on all crops grown on the premises for the rent. As against the share-croppers this lien is paramount and superior to all other liens. However, the liability of the share-cropper extends only to the *pro rata* rent due on such lands as is cultivated by the share-croppers." The court cited *Jacobson* v. *Atkins*, 103 Ark. 91, 146 S. W. 133, as authority.

Appellants argue with great force that the law announced does not apply to share-croppers, but to sub-tenants only; and that, since plaintiffs sue, asserting themselves to be share-croppers and appellants admitted them to be such and the court so referred to them, the decree for distribution of the fund was erroneous.

Let it be granted that all parties plaintiff were share-croppers, it does not necessarily follow that there was error.

In this decree, the court gave due consideration to the rental contract wherein appellants as between themselves agreed to a segregation of part of the farm from the remainder. One hundred and fifty-five acres were taken "out of production" by a rental to the federal government.

It is true the agreement was evidenced by the same document that covered the remaining portion. The 155 acres might just as well have been a separate farm or in another county. As to that tract the rental rate was different, there was nothing upon which a lien would attach, it was not cultivated. All this was by agreement of the parties. As to the other lands, the usual conditions, obligations and liens prevailed as between landlord and tenant, that is to say, in regard to the lands cultivated by the share-croppers for Dulaney. All Dulaney contracted to pay on these cultivated lands was $8.00 per acre. There is no obligation in contract or arising under the law whereby the appellees, whether share-croppers or sub-tenants, should be required to pay more. Section 6892, Crawford & Moses' Digest; *Storthz* v. *Smith,* 109 Ark. 552, 161 S. W. 183. In the case just cited it was held that the purpose of the statute is to limit the liability of a subtenant. It may be added that the statute is a rule of natural and exact justice in a case like the instant one wherein the landlord will not be permitted to take more than the contract fixed.

We stated above that $122.11 was the undisputed balance owing on cultivated lands, because the decree so determined and neither appellants nor appellees have challenged the correctness of the amount. That sum will pay all rents at $8 per acre on cultivated lands.

Appellant Dulaney had these lands under separate contract, or what is the same thing in law, a severable contract, differing from the one under which he held other property rented by him to the federal government. At least this is true so far as appellees may be affected by the contract between appellants. 6 R. C. L., p. 858, § 246; *Carr* v. *Hahn & Carter,* 133 Ark. 401, 202 S. W. 685.

Appellees are affected only by the contract for lands to be cultivated. The $122.11 when paid discharges all landlord's liens. There is no other claim.

If treating appellees as subtenants when in fact they are share-croppers or laborers is erroneous they alone may complain. They have not prayed a cross-appeal.

Necessarily, numerous authorities distinguishing subtenants from share-croppers are not in point.

The decree does substantial justice. It is affirmed.