CENTRAL LUMBER COMPANY *v.* BRADDOCK LAND & GRANITE COMPANY.

Opinion delivered November 11, 1907.

1. MECHANICS' LIEN—MATERIALS MUST BE USED.—Under Kirby's Digest, § 4970, giving a materialman a lien for materials furnished for any building by virtue of a contract with the owner, materials furnished for a building must be actually used in it before a lien will be acquired. (Page 562.)

2. SAME—PRESUMPTION THAT MATERIALS WERE USED.—The fact that materials purchased for a building contracted for were delivered at or near where the building was to be erected, and that the building was actually completed of materials of the description of those furnished, is *prima facie* evidence of the fact that they were used in its construction, and the burden is on the owner to show that they were not so used. (Page 562.)

3. SAME—EXTENT OF OWNER'S LIABILITY.—For materials furnished and labor performed in the construction of a building under contract with the owner, he is liable in full if the contract price of the building was sufficient; otherwise he is liable to the holder of each lien only for his proportionate part of such price. (Page 563.)

4. SAME—MATERIALS FURNISHED FOR SEVERAL BUILDINGS—SINGLE CONTRACT.—Where materials were furnished and labor performed for the

construction of several buildings, each building will be liable only for the materials furnished and labor done in its construction, unless the buildings were upon the same lot or upon contiguous lots and the contract for the labor and materials was entire, in which case all such lots would be jointly liable. (Page 564.)

Appeal from Pulaski Chancery Court; *Jesse C. Hart,* Chancellor; reversed.

*A. J. Newman,* for appellant.

Appellant should have been decreed a lien for the material furnished on all the property in which it was used. Kirby's Digest, § § 4970-4994; 77 Ark. 35; 63 Ark. 367; 15 Am. & Eng. Enc. Law (1 Ed.), 73, note 3; 58 Ark. 7. It is not necessary, in order to establish the lien, to show that the materials furnished was used in any particular house, or even that they were used in the construction of any of the buildings, provided they were furnished under the contract. 76 Md. 337; 25 Md. 297.

*Bradshaw, Rhoton & Helm,* for appellee.

BATTLE, J. The Central Lumber Company brought this suit against the Braddock Land & Granite Company, M. E. Chappell and A. J. Good to enforce a lien for material furnished for the construction of certain houses on lots in the city of Little Rock. The Braddock Land & Granite Company was the owner of the lots. Chappell and Good contracted with it to build the houses, and purchased from the Central Lumber Company a part of the material used for that purpose, and built the houses. The Central Lumber Company alleged in its complaint that there is due it for such materials the sum of $1,710.75, and that it has a lien for that amount on the houses and the lots, which has been perfected according to the statutes in such cases made and provided. The Braddock Land & Granite Company answered and denied these allegations, but Chappell and Good, answering, admitted them.

Upon the evidence adduced by the parties, the chancery court found that the Braddock Land & Granite Company is indebted to Chappell and Good in the sum of $604.88 for the construction of the houses, and that Chappell and Good are indebted to the Central Lumber Company in the sum of $1,710.75

for materials furnished, and the Lumber Company had a lien for $619.92 on a certain part of the houses and lots on which it claims a lien, and decreed accordingly. Plaintiff appealed.

The right to the lien for the amount claimed by appellants depends upon the proper construction of the statute, which provides: "Every mechanic, builder, artisan, workman, laborer, or other person, who shall do or perform any work upon, or furnish any material *for, any building,* erection, improvement upon land, or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or sub-contractor, upon complying with the provisions of this act, shall have for his work or labor done, or materials * * * furnished, a lien upon such building erection or improvement, and upon the land belonging to such owner or proprietor on which the same are situated, to the extent of one acre; or if such building, erection or improvement be upon any lot of land in any town, city or village, then such lien shall be upon such building, erection or improvements and the lots or land upon which the same are situated," etc. Kirby's Digest, § 4970.

Statutes like this, using almost the same language, have been construed differently, some courts holding that the materials furnished for the building must be actually used in its construction or repair before it can become a lien under such statutes, while others hold that the actual use of the materials is not requisite if they are furnished for the particular building or improvement. Phillips on Mechanics' Liens (3 Ed.), § § 148-162; 2 Jones on Liens (2 Ed.), § 1329; 20 Am. & Eng. Enc. Law, 346, and cases cited.

We prefer the former construction. We think the statute was intended to enforce justice; that the party who has enhanced the value of the property by the incorporation therein of his materials or labor shall have security in the same for the amount due therefor. In this way the owner is compensated for the incumbrances, and justice is done to all parties.

In opposition to this view it has been said: "It would be unreasonable to require the materialman to follow the materials from his place of business to the building, and to make positive proof of the fact that they were actually used for the

purposes for which they were alleged to have been purchased. Such a thing is not only a matter of extreme inconvenience in all cases, but in a majority of instances must be totally impracticable." But this does not necessarily follow. The fact that the materials contracted for were delivered at or near the place where the supposed building for which they were purchased was to be erected or is in course of erection, at the place pointed out or designated by the contracting party, and the building was thereafter actually completed, and was constructed of materials of the description of those furnished, is *prima facie* evidence of the fact that they were used in its construction, and the burden would then be upon the owner, if such was not the fact, to show that they were not so used, his means of information and opportunities to know such fact being superior. Upon this subject, Brewer, J., said: "When materials are contracted for use in a proposed building, when they are delivered in pursuance of such contract, and when the building is in fact completed, and there is no testimony tending to raise even a suspicion that the materials therefor were elsewhere obtained, or that those contracted therefor were not used therein, and especially when some of the materials are shown to have actually entered into its construction, it is fair to conclude and say that such materials did in fact go into the building, and that the seller has a mechanics' lien therefor." *Rice* v. *Hodge,* 26 Kan. 164.

The evidence in this case tended to prove that appellants sold and delivered material of the value of at least $1,710.00 to be used in the construction of certain buildings, upon which it claims a lien, and that they were so used, and that there is still due therefor the sum of $1,710.00 for which it has a lien, and that the owner of the lots does not owe the contractors so much. Materials other than those furnished by the appellant were used and labor was performed in the construction of the buildings. The materialmen and laborers were entitled to be paid in full if the contract price of the building was sufficient. Each building, however, was liable only for the materials furnished and labor done in its construction, unless the labor was performed upon, and the materials were furnished for buildings upon the same or contiguous lots and under one

entire contract, in which case all such lots would be jointly liable. *Tenney* v. *Sly,* 54 Ark. 93.

In the event the liens upon the building or buildings jointly liable exceeded the contract price thereof, it or they would be liable to the holder of each lien for a proportionate part thereof and no more. In making such apportionment the amount paid by the owner to laborers and materialmen for labor performed and materials furnished under the contract to build should be taken into consideration in the same manner and to the same effect that it should be if an unsatisfied lien therefor existed. *Barton* v. *Grand Lodge of Independent Order of Odd Fellows,* 71 Ark. 35. In the case at bar it was, therefore, necessary to ascertain the aggregate amount of the labor and materials expended upon each building or buildings jointly liable, in the manner indicated, the contract price therefor, and, if it is not sufficient to pay for all such labor and materials so expended, appellant's proportionate part, and to enforce the lien for its proportion. *Long* v. *Chas. T. Abeles & Co.,* 77 Ark. 156. And to pursue this course as to all the buildings and lots on which appellant has liens, according as the same are jointly or separately liable. This was not done in this case.

The decree is reversed, and the cause is remanded for proceedings and decree consistent with this opinion, with authority to take additional evidence if necessary.

HART, J., being disqualified, did not participate.