## ROYAL THEATER COMPANY v. COLLINS.

### Opinion delivered January 29, 1912.

1. MECHANICS' LIEN—RIGHT TO ENFORCE.—As a mechanics' lien exists only by statute, and the power is given by the statute, no one can obtain a lien unless he comes within the provisions of the statute. (Page 541.)

2. SAME—LIEN—BURDEN OF PROOF.—Under Kirby's Digest, section 4970, providing, in substance, that every mechanic, builder, artisan, workman, laborer or other person who shall do or perform any work or labor upon or furnish any material for any building, including contractors, subcontractors, material furnishers, upon complying with the act, shall have a lien for work or labor done or material furnished, held that a contractor, to be entitled to a lien, must show that the amount claimed is due for a debt due him for services performed by him or for materials furnished by him. (Page 541.)

Appeal from Pulaski Chancery Court; *Judge E. Martineau*, Chancellor; reversed.

*J. A. Comer*, for appellant.

A contractor is not entitled to a lien for a bonus agreed to be paid for expediting the work. Such sum is not for material nor labor furnished. 59 Ark. 81; 43 Ark. 168; 54 Ark. 522; 65 Ark. 183; 71 Ark. 84. But, even if he were entitled to a lien, it could not extend further than the leasehold interest. 71 Ala. 55; 21 L. R. A. 489; 62 *Id.* 396. There was no privity of contact between the owner of the fee and the contractor. 59 Ark. 81.

*J. W. Blackwood* and *J. W. Newman*, for appellee.

If, when a demurrer is filed, it is not insisted on at the

hearing, it is abandoned. 95 Ark. 408. Appellee was entitled to a lien for the bonus agreed to be paid to him. 138 W. 974. He was entitled to a lien against the interest of the owner of the fee. 90 Ark. 472.

HART, J. Appellee filed a complaint in the chancery court, in which he alleges that he is a contractor engaged in the construction of buildings in the city of Little Rock, and as such he contracted with the appellant, Royal Theater Company, to construct for it a certain building on a lot owned by M. B. Sanders and leased to the theater company; that, in pursuance of his contract, he furnished the material and labor, and erected said building; that on the 21st day of December, 1910, he filed a mechanic's lien on said lot. He prays judgment for the amount sued on against both appellants, and asks that a lien therefor be declared on said lot.

Appellant, Royal Theater Company, filed an answer, denying the allegations on the complaint. M. B. Sanders did not file an answer.

The contract for the construction of the building was introduced in evidence, and it provided that the sum to be paid to the contractor for the work and materials should be $12,000. The contract also contained this further provision: "All work to be completed within ninety working days, no allowance made for inclement weather. For each day required to complete the building after this time, the contractor will pay the owner twenty dollars ($20) as liquidated damages, and for each day the work is completed before this time, the owner will pay the contractor a bonus of the same amount."

The case was submitted to the chancellor upon the pleadings, and the following agreed statement of facts:

"It is hereby agreed that this cause may be submitted to the court upon the pleadings and upon the contract and the certificate of the architect making the settlement, and also upon the agreement that since the bringing of this suit the following sum has been paid upon the account sued upon, amounting to $300; that in making the final settlement the architect included in the amount fourteen days' bonus at twenty dollars per day, making $280.

The plaintiff filed his mechanics' lien against said property set out in the complaint within the time allowed by law.

The chancellor found for appellee in the sum of $278.25, and decreed that a mechanics' lien existed on said lot for said amount. The case is here on appeal.

A mechanics' lien exists only by statute, and, the power to obtain a lien being given by the statute, no one can obtain a lien unless he comes within the provisions of the statute.

Section 4970 of Kirby's Digest provides, in substance, that every mechanic, builder, artisan, workman, laborer or other person, who shall do or perform any work or labor upon or furnish any materials for any building, including contractors, subcontractors, material furnishers, mechanics and laborers, under or by virtue of any contract with the owner or proprietor thereof, upon complying with the provisions of this act, shall have a lien for his work or labor done or materials furnished. It will be observed that the statute only gives the contractor a lien for work done by him or materials furnished by him. The proof in the case shows that a certain sum of money is due appellee as contractor, but it does not show that this is a debt due him for services performed by him or for materials furnished by him. In other words, so far as the record discloses, the amount due appellee may represent all or a part of the profits made by him in erecting the building, and has no reference to materials furnished by him or labor or services performed by him. If so, appellee has no lien under the statute. The right to maintain the lien is found in the statute, and no one can obtain a lien unless he brings himself within the provision of the statute. Rockel on Mechanics' Liens, § 48.

The allegations of the complaint were denied in the answer filed by the Royal Theater Company and the burden was on appellee to show that his claim came within the provisions of the statutes before he can assert a lien on the lot. Not having done so, it follows that the chancellor erred in decreeing a lien on the lot.

The case of *Pratt* v. *Nakdimen,* 99 Ark. 263, is not authority for the contention of appellee. There the contractor had abandoned his contract, and material men were asserting liens under the statute, and in adjusting their equities and in determining what amount should be prorated among the lienors it became necessary to ascertain the contract price of the building, but the case does not hold that liens can be asserted except

for materials furnished or services performed as provided by the statute.

It is next insisted by counsel for appellant that the $280 allowed appellee by the architect was a bonus or gratuity for speeding the work of construction, and that it was not a part of the contract price under the terms of the contract. The views we have already expressed render it unnecessary to decide this contention because, as we have already seen, appellee has failed to establish that the amount sued for is such a claim as would entitle him to a lien, even if it be held to be a part of the contract price. For the same reason it is not necessary to decide whether appellee, if entitled to a lien, could assert it on the reversionary interest of Sanders in the lot, or merely on the leasehold estate of the Royal Theater Company.

Therefore, the chancellor erred in holding that a lien on the lot described in the complaint existed in favor of the appellee, and his decree in that respect is reversed, and the cause remanded with directions to deny the right of appellee to a lien on said lot.

The chancellor rendered a judgment *in personam* against the Royal Theater Company. No contention is made that the judgment is erroneous, and it is affirmed. An appeal bond was filed, and a supersedeas was issued. The bond is in the form provided by section 1218 of Kirby's Digest, and by its terms includes the judgment *in personam* against the Royal Theater Company.

If appellants desired to stay proceedings on only a part of the judgment or decree, the terms of the bond should have been varied to that effect. Kirby's Digest, § 1222.

The appellee is entitled to his judgment here under the statute on the supersedeas bond, and it is so ordered.