Van Houten Lumber Company v. Planters' National
Bank of Hughes.

Opinion delivered June 18, 1923.

1. Mechanics' lien—separate contracts—time for filing.—
Where materials for the construction of certain bungalows, and
for the construction of sidewalks thereto, were furnished under
separate contracts, separate materialman's liens should be filed
within 90 days from the time the last material was furnished un-
der each contract.

2. Mechanics' lien—time for filing.—The limitation for filing a
lien for materials furnished begins on the date of the delivery
of the last item or items upon the ground near the place where
a building is to be constructed, and not on the date when the
material is actually put into the building.

3. Mechanics' lien—defense—burden of proof.—After material
is delivered upon the ground for the construction of a building,
the burden rests upon the owner to show that it was not used
in the construction of the building, in order to defeat a lien for
the material thus furnished.

Appeal from St. Francis Chancery Court; A. L.
Hutchins, Chancellor; affirmed.

C. W. Norton, R. E. Fuhr and J. M Futrell, for ap-
pellant.

There was only one contract for furnishing material
for the building of the bungalows and the sidewalks.
Materials furnished within meaning of the law when
actually used in the construction of the improvement.
84 Ark. 560; 133 Ark. 401. The evidence establishes that
the one contract between the lumber company and
Tucker included the houses and walks, that the last house
was finished within less than 60 days of June 21, 1921
(C. & M. Digest, 6250-6252; 3 Cyc. 770c), the date
the lumber company lien was filed. The decree should
be reversed.

Mann & Mann, for appellee.

There were two separate contracts, one for the
houses, the other for the walks, and the proof shows that
appellant was not entitled to a lien except for the
materials furnished for the walks. 56 Ark. 544; 107

Ark. 245. A lien must be filed for materials furnished under each contract within the statutory period after it was furnished. 27 Cyc. 144; Jones on Liens, 1432; 18 R. C. L. 931; Jones on Liens, 1449. The date from which the limitation of the time of filing a mechanics' lien is to be taken is the date on which the last article is furnished under the contract. 84 Ark. 560; 133 Ark. 401. The burden was on appellant to show it was entitled to a lien.

*C. W. Norton, R. E. Fuhr* and *J. M. Futrell,* in reply.

Appellant contends there was but one contract, and that the materials were furnished and the lien claim filed within 90 days from the time the houses were finished, or the last material was used in their construction. The authorities support this contention. 84 Ark. 560; 133 Ark. 401.

HUMPHREYS, J. The priority between a mortgage and a materialman's lien is involved on this appeal. T. H. Tucker owned a certain two-acre parcel of land in the town of Hughes, St. Francis County, Arkansas. He built four bungalows, including walks into the houses and sidewalks in front of them, during the year 1920. Tucker was adjudged a bankrupt in October, 1921, and his trustee in bankruptcy was made a party to the suit, but asserted no right in the property. Appellant filed its claim for a lien with the circuit clerk of St. Francis County on January 21, 1921, for material furnished in the construction of the bungalows and walks. On December 23, 1920, appellee obtained a renewal note and mortgage upon said two-acre tract from T. H. Tucker, then a single man, evidencing an indebtedness of $5,638.35, which Tucker owed it. The mortgage was placed of record. Subsequent to the execution of the mortgage T. H. Tucker was married, and his wife was made a party to this suit for the purpose of foreclosing her dower interest in said lands. All the material which entered into the construction of the houses proper was furnished and delivered upon the ground by appellant

more than ninety days before it filed its claim for a lien. The material which was furnished by appellant for the construction of the walks was delivered upon the ground within ninety days before the claim for the lien was filed. Part of the material furnished for the construction of the bungalows was stored in one of the houses and actually used in completing one or two of them within ninety days from the date the claim for a lien was filed. The value of the material furnished to construct the walks was $193.15. The balance due for material used in the construction of the bungalows was $3,326.49. All the material furnished for the construction of the bungalows was charged on the books of appellant to T. H. Tucker. The material used to construct the walks was first charged to Robert Porter, who had been employed to supervise the construction of the bungalows on a cost plus ten per cent. plan. There is a dispute in the testimony as to whether the contract for material between Tucker and appellant included material for the walks, and whether the contract with Robert Porter for supervision included the construction of the walks. The charge against Porter for the sidewalk material was transferred on appellant's books to the account of T. H. Tucker. Warren Moore, bookkeeper for T. H. Tucker, and F. M. Van Houten, general manager of appellant, explained that a mistake was made in charging the sidewalk material to Porter's personal account, and that the transfer was made upon discovery by Van Houten that the material in question was used in the construction of Tucker's walks. Early in January, 1920, Tucker decided to build four, and maybe six, bungalows, dependent upon the cost. If built, Porter was to receive as compensation ten per cent. commission on the cost of the labor and material for supervision. He estimated the cost of the bungalows, based upon prices for material furnished by Van Houten, who participated in the conferences leading up to the agreement to build the houses. On January 8, 1920, an estimate was placed by Tucker

with appellant for all the material supposed to be necessary in the construction of the buildings, with the understanding that it should be ordered out as needed. This estimate contained no material for the construction of the sidewalks, and made no reference to the material for walks. Van Houten testified that the first definite statement concerning material for the walks occurred in April or May, when it was understood that appellant was to furnish cement and gravel for them at Memphis prices when they got ready for the material. Tucker testified that he intended from the beginning to build the walks, but was not certain whether the bungalows and walks were embraced in a single contract. He later testified that the walks were constructed under a separate contract with Porter, who was to build them for thirty cents a foot and furnish the material himself, and that part furnished by appellant was originally charged to him individually. Porter testified that the materials were embraced in a single contract, but admitted that he settled with Tucker on a basis of ten per cent. on cost of houses for supervising their construction, and for the walks on a foot basis. He stated that, in the settlement for the walks on a foot basis, Tucker assumed the cost of material charged to him personally on the walks, and, when transferred and charged to Tucker, the amount thereof was deducted from his contract price per foot for building the walks. Warren Moore testified that the walks were to be constructed, at first, on a cost plus ten per cent. basis, but during the summer the contract was changed, and that the walks were built under a different contract from that under which the bungalows were built; that along through the summer an arrangement was made by which Porter was to furnish the material and labor and build the walks for so much per foot.

The chancellor found, upon sharply conflicting testimony, that the bungalows and walks were constructed under different contracts, the bungalows on a basis of

ten per cent. plus cost, and the walks on a foot basis; that material for the walks was not embraced in the first estimate, but was sold later directly to Porter, who built the walks for so much per foot, furnishing the material himself. We are unable to say, after carefully reading the testimony, that the finding of the chancellor is contrary to a clear preponderance of the testimony. The finding is strongly supported by the original estimate, the book entries as originally made, and the settlement between Tucker and Porter. Based upon this finding, a decree was rendered in favor of appellant, declaring its lien for material furnished to build the walks paramount to the mortgage lien of appellee, but that the mortgage lien was superior to appellant's claim for the unpaid balance due for material furnished to construct the bungalows. Upon the theory that the materials furnished for the construction of the bungalows and sidewalks were furnished upon separate contracts, this decree was correct. This court said in the case of *Kizer Lumber Co.* v. *Mosely,* 56 Ark. 544, that, "if the materials were furnished under one contract, he should file the account within ninety days after the last was delivered, but if the materials were furnished under separate and distinct contracts, it should be filed under each contract within the time limit." This rule was approved in the case of *Marianna Hotel Co.* v. *Livermore Foundry & Machine Co.,* 107 Ark. 245. The materials for the construction of the bungalows was delivered upon the ground more than ninety days before the lien was filed, and the material for the walks within ninety days from the date the lien was filed.

Appellant makes the further contention that its lien is superior to the mortgage lien because a part of the material furnished on the ground to construct the bungalows was not used in completing one or two of them until the latter part of November, within ninety days prior to filing the lien. In construing the statute this court said, in the case of *Marianna Hotel Co.* v. *Liver-*

*more, supra*: "The date from which the limitation of the time of filing a mechanic's lien is to be taken is the date on which the last article is furnished under the contract." We cannot agree with the suggestion of learned counsel for appellant that material is not furnished within the meaning of the statute until it is actually put into the building. A delivery of the material upon the ground, near the place where a building is to be constructed is furnishing material within the meaning of the statute, provided it is subsequently used in completing the building. The limitation for filing a lien begins on the date of delivery of the last item or items. The burden, of course, rests upon the owner, after delivery on the ground, to show that the material was not used in the construction of the building in order to defeat a lien for the material thus furnished. *Central Lumber Co.* v. *Land & Granite Co.*, 84 Ark. 560.

No error appearing, the decree is affirmed.