SHAW v. RACKENSACK APARTMENT CORPORATION.

Opinion delivered June 20, 1927.

1.  APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—
    The finding of the chancellor, based on conflicting testimony and
    not clearly against the preponderance of the testimony, *held* con-
    clusive.

2.  MECHANICS' LIEN—LIEN FOR AMOUNT DUE.—Under a contract to
    furnish labor and material for a certain sum in the erection of
    an apartment building, where so-called profits or overhead
    expenses formed a part of the price for putting in the improve-
    ment as a completed job, claimant was entitled to a lien for the
    amount due him.

3.  MORTGAGES—PRIORITY OVER MECHANICS' LIEN.—Under Crawford
    & Moses' Dig., § 6909, a mortgage for the purpose of raising
    money to erect an apartment building, which was given prior to
    commencement of work by a lien claimant, *held* superior to the
    lien for material and labor furnished, notwithstanding that some
    of the loan for which the mortgage was given was for clearing
    the title.

4.  MORTGAGES—PRIORITY OF LIEN OF CONTRACTOR.—Under Crawford
    & Moses' Dig., § 6911, where work was commenced by a plumbing
    contractor prior to the time other liens and mortgages attached
    to the property, his lien was entitled to priority, regardless of
    how little he might have done before the other liens attached.

Appeal from Pulaski Chancery Court; *John E. Mar-
tineau*, Chancellor; reversed in part.

*John P. Streepey*, for appellant.

*Walter G. Riddick* and *Frauenthal & Johnson*, for
appellee.

MEHAFFY, J.   The appellant, plaintiff below, insti-
tuted this suit, alleging that, on or about the 20th day
of July, 1924, he entered into a contract with the Rack-
ensack Apartment Corporation to install plumbing, heat-
ing, gas piping and refrigeration in an apartment build-
ing being erected by it at Fourth and High Streets, Little
Rock, Arkansas; that said building is located on lots 7, 8
and 9, block 7, Deaf Mute Addition to the City of Little
Rock, Arkansas; that plaintiff furnished the material
and did the labor under the said contract to the amount
of $34,522.67; that he completed said contract on Febru-

ary 1, 1925; that there is a balance due him of $4,166.20, bearing interest from February 10, 1925, at the rate of six per cent. per annum; that he duly filed his lien against said property for the amount due him on March 26, 1925. Plaintiff then described the manner of acquiring title by Rackensack Apartment Corporation and mortgage that had been executed on the property, and prays for judgment, and that he have a lien, and that it be foreclosed.

Defendants answered, denying that the corporation owned the land at the time the contract was entered into, and denying all the material allegations of plaintiff's complaint, denying that it was indebted to him in any sum, and alleging that, if it was indebted, he had no lien, but, if it was found that he had a lien, it was inferior to other liens described.

Defendant, Rackensack Apartment Corporation, filed a cross-complaint against the plaintiff, alleging that he had been overpaid, and asking judgment against plaintiff in the sum of $2,175.15.

The chancellor found in favor of the plaintiff on his claim of $4,166.20 and found against the defendant on its cross-complaint, but found that plaintiff was not entitled to a lien.

The testimony was somewhat conflicting, and we think it unnecessary to set it out in detail. The chancellor found in favor of the plaintiff in the sum of $4,166.20, and this court has many times held that, where the finding of the chancellor was based on conflicting testimony, his finding would not be reversed or set aside, unless it was clearly against the preponderance of the testimony. In this case we do not think that the finding as to the indebtedness due from defendant to plaintiff was against the preponderance of the testimony, and the chancellor's finding as to this issue and the finding against appellee on its cross-complaint will be affirmed.

The appellee contends that the appellant is not entitled to a lien prior to the deed of trust for $200,000 to the Bankers' Trust Company, and we agree with the

appellee that the claim for $200,000, secured by mortgage to the Bankers' Trust Company, constitutes a prior lien to the appellant's claim. This deed of trust or mortgage is a first lien on the property.

It is next contended by the appellee that appellant did not have any lien for the balance because, if there was any balance, it was for profits or for the payment of overhead expenses, and is not for any portion of any labor done or for materials furnished.

This court has held, as contended by appellee, that a contractor is not entitled to a lien, under the mechanics' lien law, for profits, but only entitled to a lien for labor that was actually performed by him or for material furnished by him.

In the first case relied on by appellee, the court said:

"The contract for the construction of the building was introduced in evidence, and it provided that the sum to be paid to the contractor for the work and materials should be $12,000. * * * The proof in the case shows that a certain sum of money is due appellee as contractor, but it does not show that this is a debt due him for services performed by him or for materials furnished by him. In other words, so far as the record discloses, the amount due appellee may represent all or a part of the profits made by him in erecting the building, and has no reference to materials furnished by him or labor or services performed by him. If so, appellee has no lien under the statute. The right to the lien is found in the statute, and no one can obtain a lien unless he brings himself within the provisions of the statute." *Royal Theater Co.* v. *Collins,* 102 Ark. 539, 144 S. W. 919.

The appellee also relies on the case of *Cook* v. *Moore,* 152 Ark. 590, 239 S. W. 750. In that case the court said:

"According to his own testimony, he made a contract to repair Gilliam's house on a basis of 8 per cent. commission on the entire cost of the labor performed and the material furnished; so far as the record discloses, nearly all of the amount claimed by Moore represents the profits made by him in repairing the house and the

amounts paid by him to laborers and mechanics for working on it."

Neither of these cases are like the case at bar. If one makes a contract to furnish material and perform labor for a certain amount, and the contract provides that above that amount he is to have a certain per cent. or a certain amount of money for his profit, of course he could have no lien for a sum due him as profit. But the contract in this case is not like that. This is a contract to furnish the labor and materials for a certain sum of money, and it would be wholly immaterial whether the contractor made a profit or suffered a loss. He has a lien for the material furnished and the labor performed in making the improvement for the amount contracted to be paid. When one furnished material to go into a building at a certain price, it is wholly immaterial whether the material furnished by him cost him more or less, or whether it cost him anything at all. He might own the material already, or he might have acquired it without cost, but, when he agrees or contracts to furnish this material and labor for a certain price, he then has a lien for the unpaid part of the contract price on the improvement made.

It is said:

"Profits and commissions are not lienable items unless included in the contract price, as where the contract provides for the payment of cost of or reimbursement for the amount actually paid out for labor and material, plus a certain percentage as commissions, profit or compensations, or unless included in the reasonable worth of the labor or materials furnished, as where the actual cost is less than the reasonable worth." 40 C. J. 77, and cases cited.

In this case there was a contract for a sum of money for the completed job, and therefore the items of labor, as well as the cost of the material, together formed the aggregate amount of the completed job.

This court has said:

"The account taken from the books of appellees contained items for labor, but the labor formed a part of the price of putting in the iron work as a completed job. And the appellees were entitled to a lien, not as for labor, but as for the price of material furnished in the place to be used." *Terry* v. *Klein,* 133 Ark. 366, 201 S. W. 801.

Here, what appellee calls profits or overhead expenses formed a part of the price of putting in the improvement as a completed job, and the appellant was entitled to a lien for the amount due him.

Section 6909 of Crawford & Moses' Digest provides:

"The lien for the things aforesaid, or work, shall attach to the buildings, erections or other improvements for which they were furnished or work was done, in preference to any prior lien or incumbrance or mortgage existing upon said land before said buildings, erections, improvements, or machinery were erected or put thereon, and any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter; provided, however, that, in all cases where said prior lien or incumbrance or mortgage was given or executed for the purpose of raising money or funds with which to make such erections, improvements or buildings, then said lien shall be prior to the lien given by this act."

It will be seen from this section that the $200,000 mortgage which was given prior to the commencement of work by appellant was for the purpose of raising money with which to erect the building. It is said that a portion of it went to clearing the title, but we think the $200,000 was, under the above quoted statute, a prior lien for the full amount. The other mortgages or liens mentioned are controlled by § 6911 of Crawford & Moses' Digest, which reads as follows:

"The lien for work and materials as aforesaid shall be preferred to all other incumbrances which may be attached to or upon such building, bridges, boats or ves-

sels or other improvements, or the ground, or either of them, subsequent to the commencement of such buildings or improvements.''

It will be seen from this section that, if the appellant had commenced the improvement that he contracted to put in, it would make no difference how little he might have done prior to any of these other liens, his lien would be prior to any lien or mortgage which was attached subsequent to the commencement of his work. And there does not seem to be any dispute in the testimony or in the record as to these other liens and mortgages. They attached subsequent to the commencement of the work by the appellant.

In the view that we take it becomes unnecessary to discuss the question of appropriation of payments. The finding of the chancellor in favor of the appellant for $4,166.20 will be affirmed, and the finding of the chancellor that the appellant does not have a lien is reversed, and remanded with directions to the chancery court to enter a decree giving the appellant a lien for the amount found to be due prior to all liens and incumbrances, except the $200,000 above referred to.