DUNCAN *v*. TRAVELERS' BUILDING & LOAN ASSOCIATION.

Opinion delivered October 15, 1928.

*J. A. Eades,* for appellant.

*J. H. Reynolds,* for appellee.

SMITH, J. This appeal involves the question of priority of. liens, it being insisted by appellant that his lien as a materialman is superior to that of appellee as a mortgagee.

On June 14, 1926, W. J. Vance, for the recited consideration of a thousand dollars, conveyed to J. W. Isaacs three lots in the city of Morrilton, and this deed was duly recorded June 20, 1926. On June 17, 1926, Isaacs executed a mortgage on this property to the Travelers' Building & Loan Association for $1,600, which instrument was filed for record June 26, 1926. This loan was obtained for the purpose of paying Vance the purchase price of the lots and to rebuild a house on said lots.

On September 18, 1926, appellant, Duncan, filed a claim for a materialman's lien, pursuant to § 6922, C. & M. Digest. It appears, from the account filed pursuant to this section, as well as from the testimony offered at the trial, that the materials for the value of which appellant claims the lien were furnished June 28, 1926, which was two days after the mortgage had been filed for record.

Under these facts the lien of the mortgage is superior to that of the materialman.

In the case of *Shaw* v. *Rackensack Apartment Corporation,* 174 Ark. 492, 295 S. W. 966, it was held that a

mortgage for the purpose of raising money to erect a building, which was filed prior to the commencement of work by a lien claimant, was superior to a lien for material and labor furnished, notwithstanding that some of the loan for which the mortgage was given was used for clearing the title.

The court below decreed that the lien of the mortgage was superior to that of the materialman, and this appeal is from that decree.

Appellant insists that Isaacs did not take title under his deed from Vance prior to July 20, for the reason that the possession of the deed was not delivered to him until that time. But filing the deed for record, which was done June 20, 1926, was a delivery to Isaacs.

The decree of the court below is therefore correct, and it is affirmed.