HALF MOON GIN COMPANY *v.* E. C. ROBINSON LUMBER COMPANY.

4-7414                                        181 S. W. 2d 239

Opinion delivered June 19, 1944.

*Reid Evrard,* for appellant.
*Shane & Fendler* and *Walter L. Pope,* for appellee.

McHANEY, J. This is a suit by appellee against appellant to enforce a mechanic's lien against appellant's real property in the sum of $701.15, for material and supplies furnished and delivered by appellee to appellant's contractor in the construction of certain buildings on its gin site. Appellant admits that all the material listed in appellee's itemized statement of account was furnished and delivered to its contractor, Raymond Sperr, but contends that a substantial amount thereof was moved away from said gin site by Sperr and did not go into the construction of the buildings on which lien is claimed. This is the only issue presented by this appeal.

The trial court entered a decree in favor of appellee for $701.15, fixed a lien on appellant's gin property to secure same and ordered it foreclosed and the property sold to pay same. This appeal followed.

Under our mechanics' lien statute, § 8865 of Pope's Digest, as construed by this court, materials furnished for a building must be actually used in it before a lien will be acquired, but where materials purchased for a building are delivered by the materialman at or near where the building is to be erected or is being erected, and such building is actually completed of materials of the description of those furnished, this fact is *prima facie* evidence that such materials were used in its construction, and the burden is on the owner to show that they were not so used. *Central Lumber Co.* v. *Braddock Land & Granite Co.,* 84 Ark. 560, 105 S. W. 583, 13 Ann. Cas. 11; *Van Houten Lbr. Co.* v. *Planters Nat'l Bank,* 159 Ark. 535, 252 S. W. 614; *Standard Lbr. Co.* v. *Wilson,* 173 Ark. 1024, 296 S. W. 27.

Therefore, appellant had the burden of showing that some of the materials delivered by appellee on the gin site of appellant did not enter into the construction of its buildings. It is conceded that some of the cement so delivered was used by the contractor, Sperr, elsewhere, but this cement was paid for by Sperr and proper credit was shown on the statement of account. It is appellant's contention that a portion of cement so delivered was used on other jobs referred to as the Dell Gin and the Dell

Compress, but the check produced in payment to Sperr for the cement used on those jobs was dated 25 days before any cement was delivered on appellant's gin site by appellee, and could not have been a part of that so delivered.

Whether any of the materials here involved did not enter into the construction of appellant's improvements was purely a question of fact, with the burden on appellant. The trial court held against appellant and we cannot say its holding is against the preponderance of the evidence. In fact we agree that it failed to meet the burden imposed upon it.

Affirmed.