STONE MILL & LUMBER CO., INC. *v.*
Paul FINSTERWALDER

5-5361                                    459 S. W. 2d 117

Opinion delivered November 2, 1970

*Tinnon, Crain & Nemec,* for appellant.

*Fitton, Meadows & Adams,* for appellee.

FRANK HOLT, Justice. In this action the appellant seeks to establish a materialmen's lien upon appellee's property. Appellee entered into a contract with Karl Seiter, Jr., whereby Seiter was to construct a house for him. Under the terms of the contract, Seiter was to furnish all the materials necessary for the completion of the project. A substantial portion of the materials was purchased by Seiter from appellant. Appellant's records indicate that the final two deliveries of the materials which it supplied occurred on March 12, 1969 and March 17, 1969. Construction of the house was subsequently completed, but Seiter failed to pay appellant for most of the materials purchased from it.

Appellant instituted this action against Seiter for a balance of $5,503.56 and, also, against appellee to impress a lien upon his newly constructed house for the sum owed. Summons was issued by the Clerk of the Chancery Court on July 11, 1969; but it was not stamped by the sheriff's office until July 14, 1969. Consequently, a materialmen's lien could be established only by virtue of the March 17, 1969, delivery since it alone occurred within the 120-day period prescribed by Ark. Stat. Ann. § 51-613 (Supp. 1969). Seiter neither filed an answer nor appeared, and default judgment was entered against him. With respect to appellant, the lower court found that the alleged delivery of March 17, 1969, was without sufficient proof because: (1) the delivery ticket was unsigned; (2) there was no "eyewitness testimony" evidencing the delivery; and (3) appellant was not the sole supplier to the job. Appellant brings this appeal from the denial of its asserted lien.

For reversal appellant contends that the findings and conclusions of the lower court are against the evidence and applicable law of this case. Since this is a proceeding in chancery, we cannot disturb the findings of the chancellor unless they are against the preponderance of all the evidence.

Phillip Stone, president and general manager of appellant corporation, was the only witness called in its behalf. He testified that on March 17, 1969, an order had been placed (by whom he did not know) for delivery of a small quantity of moulding and 100 linear feet of downspout to appellee's building site. A delivery ticket evidencing this order (along with others for previous orders) was introduced into evidence. This ticket was written, according to the ordinary business procedure of appellant, when the order was taken. It did not bear a signature indicating receipt of the materials. Stone stated that, in this instance, the only way he could know whether the materials were in fact delivered would be from appellant's truck driver, who was not present in court. He further testified that he did not know whether the exact materials ordered were actually used in appellee's building. There was evidence that Seiter was also constructing other houses in the vicinity of appellee's house and that Seiter had secured materials from another materialman.

In order for a materialman to establish a lien under § 51-601 et seq., he must both allege and prove that the material, on which he bases his claim of a lien, was delivered to and used in the building against which he claims his lien. *United States* v. *Westmoreland Manganese Corp.*, 134 F. Supp. 898 (E. D. Ark. 1955); *Lyle* v. *Latourette*, 209 Ark. 721, 192 S. W. 2d 521 (1946). Since, however, it is unreasonable to require a materialman to follow the materials from his place of business to the building in order to make positive proof of its use therein, and because the owner of the building is in a superior position to know whether the materials were actually used, the doctrine evolved that proof by the materialman of delivery of the materials to the building

site constitutes prima facie evidence of their use therein, and thereby shifts to the owner of the building the burden of going forward with evidence demonstrating non-use. This rule of law, followed in numerous Arkansas cases, was first enunciated in this jurisdiction in *Central Lbr. Co.* v. *Braddock Land & Granite Co.*, 84 Ark. 560, 105 S. W. 583 (1907), where the court held:

> The fact that materials contracted for were delivered at or near the place where the supposed building for which they were purchased was to be erected or is in course of erection, at the place pointed out or designated by the contracting party, and the building was thereafter actually completed, and was constructed of materials of the same description of those furnished, is prima facie evidence of the fact that they were used in its construction; and the burden would then be upon the owner, if such was not the fact, to show that they were not so used * * *.

In the case at bar, certain materials were ordered from appellant on March 17, 1969, apparently for use in appellee's building, according to appellant's business records in the form of an unsigned ticket order. The lower court found that there was a failure of proof in that the delivery ticket was not signed, and that there was no eyewitness testimony of actual delivery, and concluded that "it would be entirely speculation to hold that these materials were delivered to and incorporated in [appellee's] home." Therefore, the burden of going forward with the evidence, as well as the overall burden of proof, remained with the appellant concerning the actual use of those materials allegedly delivered on March 17, 1969. Appellant did not meet this burden either. The findings and decree of the lower court are further fortified by the fact that appellant was not appellee's sole supplier which thereby raises "a suspicion that the materials * * * were elsewhere obtained * * *." See *Central Lbr. Co.* v. *Braddock Land & Granite Co.*, *supra*.

We cannot say that the chancellor's findings are against the preponderance of the evidence.

Affirmed.