DEL MACK CONSTRUCTION, INC., *et al. v.*
James OWENS and Carole Owens

CA 02-1101                                        118 S.W.3d 581

Court of Appeals of Arkansas
Division IV
Opinion delivered June 11, 2003

*Gary R. Burbank; Don B. Dodson; Pat Hall;* and *Teresa Wine-land,* for appellants.

*Compton, Prewett, Thomas & Hickey, L.L.P.,* by: *William I. Prewett* and *Matthew J. Shepherd,* for appellees.

JOHN F. STROUD, JR., Chief Judge. This appeal involves the allocation of the burden of proof in a dispute over the priority between a vendor's lien and materialmen's liens. We affirm.

Appellees James and Carole Owens sold a house in Union County, Arkansas, to Alaverene Peace in December 2000, for $325,000, with a $25,000 down payment. Appellees financed the remainder and retained a vendor's lien to secure payment of the balance. Appellants Del Mack Construction, Inc.; Electronic Alarm Company; Storey Floor and Carpet, Inc.; and Quality Electric Company asserted liens totaling $55,437.23.

Peace defaulted on her obligations to appellees, and appellees filed suit to foreclose their vendor's lien. Appellees named appellants as defendants and asserted that appellants' liens were subordinate to appellees' vendor lien. Appellants filed answers to the complaint admitting that they claimed interests in the property but denying that those interests were subordinate to appellees' interest.[1]

At trial, the parties stipulated that a balance of $296,000 was owed on the purchase price. Appellants presented the testimony of

---

[1] Peace also filed an answer in which she stated that she had filed bankruptcy and had no objection to an *in rem* judgment being entered against the property.

Peter Emig, a certified appraiser, as their valuation expert. Emig testified that he valued the property as of two separate dates: December 14, 2000, the date appellees conveyed the property to Peace, and August 30, 2001, the date Peace quitclaimed the property back to appellees. He testified that, in his opinion, the property was worth $147,000 in December 2000 and worth $210,000 as of August 30, 2001. He testified that the $63,000 increase in value was due primarily to the improvements. He also testified that he appraised the property at $300,000 in March 2001 but stated that this figure included the house and 17½ acres of property. He testified that the $63,000 increase was based upon the value of the house and only one acre of land. He also testified that some of the work remained uncompleted but that he took this into consideration. He also explained his methodology and assumptions made, as well as his disagreements with appellees' appraiser.

Appellees presented the testimony of Ron Robinson, a licensed certified general appraiser, as their valuation expert. He testified that he used the same dates as Emig for purposes of his valuations. His valuation as of December 2000 was $232,000 and his valuation as of August 30, 2001, was $197,000. He testified that one consideration was that the house was in a completed state in December 2000, while the work was incomplete in August 2001. He testified that he was not asked to determine the cost of completing the work necessary to make the house livable. He also testified that he did not visit the property until November 2001 and that he based his appraisals on conversations with other persons, including appellees. He also explained his methodology and assumptions made, as well as his disagreements with appellants' appraiser.

Appellee Carole Owens testified as to changes in the property from the time of the December 2000 sale to the time of trial, such as trees being removed and a carport being demolished, and opined that the property was in worse condition and worth less than when it was sold to Peace. She stated that she had not obtained estimates of the cost of completing the house so that it could be resold.

Following trial, the trial court took the matter under advisement and issued a letter opinion on March 7, 2002. In its opin-

ion, the trial court noted that the parties agreed that the Arkansas Supreme Court's decision in *Simmons First Bank v. Bob Callahan Services, Inc.*, 340 Ark. 692, 13 S.W.3d 570 (2000), set out the applicable law. The trial court noted that *Simmons First Bank* interpreted the materialmen's lien statutes, Ark. Code Ann. §§ 18-44-101 to -135 (1987 and Supp. 2001), as providing that suppliers have a priority over a prior mortgage to the extent that the improvements made to the property with the materials furnished enhanced the value of the property. The trial court placed the burden of proof on appellants and found that, although both experts were credible, "there is not a preponderance of the evidence to cause a conclusion that the unfinished work enhanced the value of the property." The trial court then foreclosed the vendor's lien and ordered the property sold, free of the claims for materialmen's liens.[2] Judgment was entered on March 25, 2002. The trial court denied appellant Quality Electric Company's motion for reconsideration in which Quality Electric argued that appellees had the burden of proving that the improvements did not enhance the value of the property. This appeal followed.

■ ■ This court reviews equity actions *de novo. Simmons First Bank, supra.* Moreover, we will affirm the trial court's findings unless the findings are clearly erroneous. *See* Ark. R. Civ. P. 52(a); *see also Adkinson v. Kilgore*, 62 Ark. App. 247, 970 S.W.2d 327 (1998). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Smith v. Parker*, 67 Ark. App. 221, 998 S.W.2d 1 (1999).

Appellants have filed a joint brief in which they argue one point: the trial court erred in placing the burden of proof upon appellants. As noted above, the parties agreed that *Simmons First Bank v. Bob Callahan Services, Inc.*, 340 Ark. 692, 13 S.W.3d 570 (2000), set out the applicable law. The court in *Simmons First Bank* held that the materialmen's lien statutes provide a priority to the extent that the materials furnished for improvements enhanced the value of the property. The *Simmons First Bank* court

---

[2] Appellees purchased the property at the foreclosure sale.

remanded the case to the trial court to conduct a hearing to determine the value of the property prior to the improvements and the value of the property with the improvements and ordered that the proceeds from the sale of the property be distributed first to the supplier to the extent of the increase in value and then to the owner. *Simmons First Bank* did not specifically answer the issue in the present case, *i.e.*, who has the burden of proof.

The consistent rule has been to place the burden on the supplier to show that the materials for which he claims a lien were used in the improvement on which a lien was sought. *E.C. Barton & Co. v. Neal*, 263 Ark. 40, 562 S.W.2d 294 (1978); *Stone Mill & Lumber Co. v. Finsterwalder*, 249 Ark. 363, 459 S.W.2d 117 (1970); *Lyle v. Latourette*, 209 Ark. 721, 192 S.W.2d 521 (1946); *Half Moon Gin Co. v. E.C. Robinson Lumber Co.*, 207 Ark. 483, 181 S.W.2d 239 (1944); *Reiff v. Redfield Sch. Bd.*, 126 Ark. 474, 191 S.W. 16 (1916); *Marianna Hotel Co. v. Livermore Foundry & Mach. Co.*, 107 Ark. 245, 154 S.W. 952 (1913); *Ragsdell v. Gazaway Lumber Co., Inc.*, 11 Ark. App. 188, 668 S.W.2d 60 (1984). This is because, under Ark. Code Ann. § 18-44-101 (Supp. 2001), the lien does not attach until the materials supplied are actually used and incorporated into the improvement. *Half Moon Gin Co. v. E.C. Robinson Lumber Co., supra*. If the rule were otherwise, it would render meaningless the provision of Ark. Code Ann. § 18-44-110(b)(1) (Supp. 2001) that the materialmen's lien extends only to the enhancement of the value of the improvement for which the materials were used. We believe that this rule makes sense because the supplier is the party with the knowledge of the value of the materials and labor furnished for the improvement. We also believe that this conclusion is bolstered by section 18-44-101(a) (Supp. 2001), which provides:

> Every contractor, subcontractor, or material supplier . . . who supplies labor, services, material, fixtures . . . in the construction or repair of an improvement to real estate . . . by virtue of a contract with the owner . . . *upon complying with the provisions of this subchapter*, shall have . . . a lien upon the improvement and on up to one (1) acre of land upon which the improvement is situated. . . .

(Emphasis added.) In construing an earlier version of this statute, the Arkansas Supreme Court held that the burden was upon the

supplier to prove that his claim came within the reach of the statute. *Royal Theater Co. v. Collins*, 102 Ark. 539, 144 S.W. 919 (1912). The court reasoned that a materialmen's lien exists only by statute and, the power to obtain a lien being given by the statute, no one can obtain a lien unless he comes within the provisions of the statute. *Id.* The general rule is that, between conflicting liens, the one first filed of record shall have priority. Ark. Code Ann. § 18-40-102 (1987); *Sims v. McFadden*, 217 Ark. 810, 233 S.W.2d 375 (1950). The materialmen's lien statute, Ark. Code Ann. § 18-44-110(b)(1), makes it clear that it is an exception to the "first in time, first in right" rule. *See BB&B Constr. Co. v. F.D.I.C.*, 316 Ark. 663, 875 S.W.2d 48 (1994). If appellants in the present case cannot prove that the materials and labor they furnished increased the value of the property, they would not have a lien under the statute. *Royal Theater Co. v. Collins, supra.*

Appellees rely on *Stone Mill & Lumber Co. v. Finsterwalder, supra,* as support for their argument that the trial court correctly placed the burden of proof upon appellants. Appellants, however, argue that *Stone Mill & Lumber Co. v. Finsterwalder* is not applicable because that case did not involve a dispute between the supplier and a mortgage owner. While it is true that *Stone Mill & Lumber Co. v. Finsterwalder* did not involve the mortgage holder, it did hold that, as part of establishing its lien, the supplier must allege and prove that the materials furnished were used in the improvement.

Appellants also argue that the trial court abdicated its responsibility under *Simmons First Bank, supra,* by not determining the extent to which the improvements increased the value of the property. Appellants also suggest that the trial court should appoint a master to conduct a hearing to determine "whether and to what extent" the improvements increased the value of the property. Appellants' phrasing in this manner suggests that they recognize that not all improvements will increase the value of the property, especially those that remain unfinished. The trial court's decision was, effectively, a decision that appellants failed to prove that the improvements increased the value of the property. The trial court had the testimony of two conflicting expert opinions, and it decided that both experts were credible. When the evidence is evenly poised, judgment shall be against the party with

the burden of proof. *See Hays v. Williams*, 115 Ark. 406, 171 S.W. 882 (1914); *see also* Ark. Code Ann. § 16-40-101 (1999). In this case, the trial court resolved the conflicts in the expert testimony in favor of appellees.

Affirmed.

PITTMAN and BAKER, JJ., agree.